Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave. NE, Suite 33
Salem, OR 97305
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
MARK MAYBERRY

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARK MAYBERRY, An Individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, A Municipality; MALIQHE GRIFFITH, An Individual; and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No.: 2:19-CV-0058-SU<br><br>**COMPLAINT FOR DAMAGES FOR ECONOMIC, NON-ECONOMIC, AND PUNITIVE DAMAGES FOR:**<br>1. **Deprivation of Civil Rights [42 U.S.C. § 1983]; and**<br>2. **Contempt of Court for Violating Permanent Injunction** |

Plaintiff MARK MAYBERRY hereby alleges as follows:

## **PARTIES**

1. Plaintiff is, and at all times herein was, a U.S. citizen and a resident of Oregon.

2. Defendant CITY OF PORTLAND (the "CITY") is, and at all times herein was, a public body as defined in ORS 30.260(4)(b) and 174.109.

_____
Complaint
1

3. Defendant MALIQHE GRIFFITH ("GRIFFITH," and collectively with the CITY "Defendants") is, and at all times herein was, an employee of the CITY's Parks & Recreation Department.

4. The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names. Each of the Defendants designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

5. Plaintiff refers to and hereby incorporates the allegations of Paragraphs 1 through 4 into this Paragraph as if fully set forth herein.

6. This Court has jurisdiction over the Defendants pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution and laws of the United States.

## VENUE

7. Plaintiff refers to and hereby incorporates the allegations of Paragraphs 1 through 6 into this Paragraph as if fully set forth herein.

8. Venue is proper in the Court's Portland Division because the incident giving rise to this Complaint occurred in the County of Multnomah and both Defendants are located in, employed in, or residents of, the County of Multnomah

## GENERAL ALLEGATIONS

9. Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 8 into this Paragraph as if fully set forth herein.

10. Plaintiff is a Christian evangelist and anti-abortion activist who travels around Oregon and to share the gospel of Jesus Christ and call for the abolition and criminalization of abortion in the United States.

11. On June 1, 2019 (the "Incident Date"), Plaintiff was at Waterfront Park in Portland holding an anti-abortion sign, passing out gospel tracts, and engaging passersby in conversations about abortion and the gospel.

12. While Plaintiff expressed views that were undoubtedly controversial to some, his speech and conduct were civil, peaceful, and by no means incendiary, Defendant GRIFFITH, an officer with Defendant CITY's Parks & Recreation Department, ordered Plaintiff to leave. Asserting his constitutionally protected free speech rights, Plaintiff refused.

13. In response, Defendant GRIFFITH issued Plaintiff a citation excluding him from Waterfront Park for thirty (30) days. A copy of the citation is attached hereto as **Exhibit "A."**

14. The citation charged Plaintiff with violating § 20.12.240 of the Portland City Code and Charter (the "City Code"), which penalizes failures to obey a park officer's reasonable order. That same provision of the City Code, however, declares that "[a] direction of a Park Officer *is not reasonable under this Section if it is directed to speech or conduct or the right to engage in which is*, under the circumstances, *protected under the federal or Oregon constitution*" (emphasis added).

15. The citation also charged Plaintiff with violating ORS 166.065, a state law that outlaws "harassment." While the citation was not clear about which provision of ORS 166.065 Plaintiff was charged with violating [see Ex. "A,"], the only applicable provision was subsection (1)(a)(B), which prohibits "[p]ublicly insulting … other person[s] by abusive words or gestures, in a matter intended and

likely to provoke a violent response." Oregon's Supreme Court has struck down that particular provision of ORS 166.065 as facially unconstitutional. *See State v. Johnson*, 345 Or. 190, 197 (2008) [declaring that Oregon cities "may not suppress all speech that offends with the club of the criminal law"].

16. Plaintiff appealed the citation to Defendant CITY's Auditor (the "Auditor"), before whom a hearing took place on July 11, 2019 (the "Hearing Date"). Despite receiving adequate notice of the hearing, the CITY neither presented any witnesses nor submitted any documents to support its case against Plaintiff – in fact, the CITY did not even send an attorney to defend its actions.

17. After Plaintiff and Mason Goodknight, a fellow evangelist who witnessed Plaintiff being cited at Waterfront Park on the Incident Date, testified before the Auditor, the Auditor issued an order invalidating Plaintiff's exclusion from Waterfront Park. The order, a copy of which is attached hereto as **Exhibit "B,"** states in relevant part that Defendant CITY, acting through Defendant GRIFFITH, unconstitutionally infringed on Plaintiff's constitutionally protected free speech rights.

18. Despite being cleared to resume free speech activities at Waterfront Park without fear of penalty, Plaintiff has not returned to the park – largely due to well-founded fears that he will be cited again, either by Defendant GRIFFITH or a different officer representing Defendant CITY.

## FIRST CAUSE OF ACTION: <u>DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. § 1983]</u>
**Against All Defendants**

19. Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 18 into this Paragraph as if fully set forth herein.

20. Under 42 U.S.C. § 1983, anyone who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" A municipality, such as Defendant CITY, can be held liable for civil rights violations where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *U.S. ex rel. Satalich v. City of Los Angeles*, 160 F. Supp. 2d 1092, 1105 (C.D. Cal. 2001) [quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)].

21. Furthermore, under § 1983, "a [city] official," such ad Defendant GRIFFITH, "who violates federal law '*is in that case stripped of his official or representative character and is subjected in his person* to the consequences of his individual conduct.'" *Le Duyet Hung v. Washington*, 2006 U.S. Dist. LEXIS 1956 at **6-7 (D. Or. Jan. 6, 2006) (emphasis added) [quoting *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974)].

22. The U.S. Constitution's First Amendment, as applied to states through the Fourteenth Amendment, prohibits states from infringing on individuals' freedoms of speech and religion. Under the Fourteenth Amendment's Equal Protection Clause, meanwhile, no state may "deprive any person of life, *liberty*, or property without due process of law; nor deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1 (emphasis added).

23. Acting under color of state law, Defendant GRIFFITH, in his capacity as a parks officer employed by Defendant CITY, intentionally deprived Plaintiff of his constitutionally protected liberties of free speech and free exercise of religion by ordering Plaintiff to cease his speech activities and leave Waterfront Park, then

issuing a citation banning Plaintiff from the park for 30 when he refused to comply.  GRIFFITH was substantially motivated by a desire to prevent Plaintiff from exercising his constitutionally protected free speech and religious rights.

24. Plaintiff has suffered $7,443 in economic damages as a result of having to defend himself against Defendants' unlawful deprivation of his civil rights.

25. Given the tremendous mental and emotional distress he suffered, Plaintiff seeks non-economic damages in the amount of $300,000.

26. Plaintiff also seeks punitive damages in any amount that the Court deems proper.

## SECOND CAUSE OF ACTION:
## CONTEMPT OF COURT FOR VIOLATING PERMANENT INJUNCTION
### Against All Defendants

27. Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 25 into this Paragraph as if fully set forth herein.

28. In *Gathright v. City of Portland*, 439 F.3d 573 (2006), the U.S. Court of Appeals for the Ninth Circuit upheld a permanent injunction prohibiting Defendant CITY from removing from the public square speakers engaged in lawful free speech activities.  A modified version of that injunction, a copy of which is attached hereto as **Exhibit "C,"** is still in effect and binding upon CITY today, and was in effect and binding upon CITY and its employees, including Defendant GRIFFITH, at all times relevant herein.

29. As the Auditor held, Plaintiff was engaged in lawful free speech activities when Defendant GRIFFITH cited him for refusing to leave Waterfront Park.  See Ex. "B."  In citing Plaintiff, Defendant CITY, acting through GRIFFITH, violated the permanent injunction upheld in *Gathright*.

30. Accordingly, Plaintiff seeks monetary sanctions for contempt of court against Defendant CITY in an amount the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### ON ALL CAUSES OF ACTION:

1. For economic damages against all Defendants in the amount of $7,443;

2. For non-economic damages against Defendants in the amount of $300,000;

3. For punitive damages against Defendant GRIFFITH in an amount that the Court deems proper;

4. For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5. For such other and further relief as the Court may deem proper.

Dated: October 23, 2019                PACIFIC JUSTICE INSTITUTE

                                                 __/s/ RAY D. HACKE_____
                                                 Ray D. Hacke
                                                 Attorney for Plaintiff
                                                 MARK MAYBERRY

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On October __, 2019, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DAMAGES FOR ECONOMIC, NON-ECONOMIC, AND PUNITIVE DAMAGES FOR:**
   1. **Deprivation of Civil Rights [42 U.S.C. § 1983]; and**
   2. **Contempt of Court for Violating of Permanent Injunction**

## PLEASE SEE ATTACHED SERVICE LIST

__X__ BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

_____ BY FACSIMILE TRANSMISSION: The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October __, 2019, at Salem, Oregon.

                                        */s/ RAY D. HACKE*_____
                                            Ray D. Hacke

# SERVICE LIST

**Via Personal Service:**
Tracy Reeve
Portland City Attorney
1221 SW 4th Ave.
Suite 430
Portland, OR 97204

Maliqhe Griffith
c/o Portland Parks and Recreation Dept.
1120 SW 5th Ave.
Suite 1302
Portland, OR 97204